GLORVINA R. HOFFMAN, Appellant, *v.* AMANDA M. DE-
GRAFF, Respondent.

*Court of Appeals, April* 10, 1888.

Affirming same case, 39 Hun, 648, Mem.

1. *Appeal. Findings.*—The finding of the trial judge, on controverted
evidence, affirmed at the general term, concludes the court of
appeals.

2. *Arbitration. Parties bound by.*—Where the questions of fact and of
law are submitted to the determination of an umpire, his award,
in the absence of corruption or misconduct, cannot be assailed on
account of any honest error, either of law or fact, in the proceed-
ings before him or in his conclusion; the parties are bound by his
award.

3. *Evidence.*—In an action to set aside an award as to the value of a
lot of land, on the ground of misconduct on the part of the umpire,
where the alleged misconduct was that the umpire disregarded
the evidence as to the value, and substituted, and declared his
intention to substitute, a rule of his own, evidence offered by
plaintiff as to the value of the lot, and as to the character and
competency of her witnesses before the umpire, is properly ex-
cluded, as such evidence has no bearing whatever upon the only
issue on trial.

Appeal from a judgment of the general term of the su-
preme court, affirming a judgment in favor of the defendant,
entered upon the decision of the court at special term.

*E. L. Fancher*, for appellant.

*James R. Marvin*, for respondent.

EARL, J.—In May, 1863, Glorvina R. Hoffman being the
owner of a lot of land in the city of New York, executed
a lease of the same for the period of twenty-one years
with covenants of renewal to John Cavenaugh. The de-

fendant has become the owner of Cavenaugh's interest in
the lot under that lease ; and by the terms of the lease he
became entitled to a renewal thereof for another term of
twenty-one years.   In strict accordance with the provisions
of the lease George W. Carington was selected as an um-
pire for the purpose of determining the amount of rent to
be paid during the second term of twenty-one years.   The
lease required that the umpire thus chosen should deter-
mine " the full and fair worth of said lot of land at private
sale," and provided that the annual rental should be five
per cent on the value of the lot thus estimated and ascer-
tained.   A hearing was had before the umpire, witnesses
were there sworn and counsel for both parties were heard,
and the umpire fixed the value of the lot at $25,000.   Mrs.
Hoffman claimed that the umpire was guilty of misconduct
in that he refused to be governed by the evidence as to the
full and fair worth of the lot at private sale, and substituted
and declared his intention to substitute a rule of his own
by which he determined what a fair rent would be ; and
that in this way he estimated the value of the lot at $25,000
whereas its full and fair value was at least $45,000 ; and
this action was commenced by her for the purpose of vacating
and setting aside the award of the umpire.   The answer put
in issue the allegations of misconduct on the part of the
umpire, and the action was brought to trial at a special term
and resulted in a decision in favor of the defendant dismiss-
ing the complaint.

The evidence given on the part of the plaintiff tended
strongly to support her allegations of misconduct against
the umpire, and that she had been greatly wronged by the
award made by him.   But that evidence was controverted,
and the evidence given on the part of the defendant tended
to show that there was no misconduct on the part of the
umpire ; that he acted upon the evidence given before him,
and that he determined the full and fair value of the lot at
private sale in precise accordance with the requirements of

the lease and the law applicable thereto. The finding of the trial judge in favor of the defendant having been affirmed at the general term concludes us. If the umpire honestly committed any error, either of law or fact, in the proceedings before him or in the conclusion he reached, his award cannot be assailed on that account. The questions of fact and of law were submitted to his determination, and in the absence of corruption or misconduct, the parties are bound by his award. Fudickar *v.* The Insurance Company, 62 N. Y. 392.

Upon the trial the judge excluded evidence offered by the plaintiff as to the value of the lot, and this ruling is now complained of as error. We think the evidence was properly excluded. It had no bearing whatever upon the alleged misconduct of the umpire, which was the only issue for trial at the special term. It appeared that before the umpire four witnesses were sworn as to the value of the lot, two for the plaintiff and two for the defendant; that one of the plaintiff's witnesses estimated the value of the lot at $45,000, and the other at $50,000, and that defendant's witnesses estimated its value at $20,000. The varying estimates of witnesses could shed no light upon the issue made between the parties in this action.

Plaintiff also offered to prove upon this trial the character and competency of his witnesses before the umpire, and that evidence was excluded. Its materiality is not perceived, and its exclusion was proper.

We find no error in the record, and the judgment should be affirmed with costs.

All concur.